UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES | ) |
| | ) M.J. No. 24-1542-DLC |
| v. | ) |
| | ) |
| YEIRON VIZCAINO VIZCAINO, | ) **FILED UNDER SEAL** |
| | ) |
| Defendant | ) |
| | ) |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brian Connerney, being duly sworn, depose and state as follows:

1. I have been employed as an Arlington Police Officer since 2000. I have held the rank of Inspector since 2005. Since March of 2012, I have been assigned as a deputized Task Force Officer of the United States Drug Enforcement Administration ("DEA"). I am a graduate of the Canton, Massachusetts Municipal Police Academy.

2. As an Arlington Police Inspector and DEA Task Force Officer, I am authorized to investigate violations of the laws of the United States, including violations of federal narcotics laws in Title 21 of the United States Code. I have received training regarding narcotics investigations while attending the police academy and have attended additional specialized training courses in furtherance of my past and current assignments, including the Basic Narcotic Investigation course conducted and presented by the DEA training staff.

3. I have participated in all aspects of drug investigations, including physical surveillance, surveillance of undercover transactions, the introduction of undercover agents, the execution of search warrants, the effecting of arrests, debriefings of defendants, informants and witnesses who had personal knowledge regarding major narcotics trafficking organizations, and the court-authorized interception of communications. I have also reviewed recorded conversations

and telephone, financial, and drug records. Through my training and experience, I have become familiar with the manner in which illegal drugs are imported, transported, stored, and distributed, and the methods of payment for such drugs.

4. I submit this affidavit in support of a Criminal Complaint charging Yeiron VIZCAINO VIZCAINO with possession with intent to distribute fentanyl and cocaine, in violation of Title 21, United States Code, Section 841.

5. I am familiar with the facts and circumstances of this investigation from my own personal participation and from oral and written reports made to me by DEA agents and other federal, state, and/or local law enforcement agents.

6. This affidavit is submitted for the limited purpose of establishing probable cause to believe that VIZCAINO VIZCAINO has committed the above offense. Accordingly, I have not included each and every fact known to me and other law enforcement officers involved in this investigation. I have set forth only the facts that I believe are needed to establish the requisite probable cause.

7. On December 8, 2023, at approximately 9:30 a.m., members of the Dedham Police Department established surveillance in the area of 320 East Street in Dedham. 320 East Street in Dedham is well known to the Dedham Police Department as a residence frequented by drug users. The elderly homeowner who resides there allows drug users into his home in exchange for their assistance with household tasks, shopping, and transportation. Members of the elderly homeowner's family (who live out of state) have contacted the Dedham Police Department regarding drug use in the home. Members of the Dedham Police Department have arrested multiple people who were selling drugs to residents of 320 East Street. On December 8, 2023, the

tenants residing at 320 East Street with the elderly homeowner were Philip Lamonica and Frances Goss, who were known to the Dedham Police as drug users.

8.      During November and December 2023, members of the Dedham Police Department conducted surveillance of 320 East Street on multiple occasions. During periods of surveillance, police observed activity consistent with drug distribution in the driveway and on the street in front of 320 East Street. This activity was always observed between 9:45 and 11:30 a.m.

9.      On the morning of December 8, 2023, officers observed that at 9:48 a.m., the vehicle used by Lamonica and Goss was not present at 320 East Street. At that time, a black Toyota Avalon with Massachusetts registration 4FBS57 drove into the driveway of 320 East Street. The vehicle was registered to a female but was operated by a Hispanic male later identified as VIZCAINO VIZCAINO. Officers had observed the Avalon at the residence on November 30, 2023, when the operator of the Avalon conducted a suspected drug deal with Lamonica and Goss.

10.     Approximately ten minutes later, the vehicle used by Lamonica and Goss arrived at 320 East Street occupied by Goss and a male, who was later identified as Joseph Dionne. Goss and Dionne exited their vehicle and went back and forth between the residence and their vehicle, before Goss approached the Avalon. She entered the front passenger door of the Avalon, remained inside for a matter of seconds, and then exited the Avalon and entered the residence. The Avalon then left the driveway of 320 East Street.

11.     Officers requested that a marked vehicle stop the Avalon and inquire with the operator about the inspection status of the vehicle, which was newly registered and of which there was no record of inspection. VIZCAINO VIZCAINO, who was the lone occupant of the Avalon, did not immediately stop for the marked vehicle, despite the use of lights and sirens. After the Avalon pulled to the side of the road, officers approached the car. The driver's window was rolled

3

up, and VIZCAINO VIZCAINO would not open the window. Officers saw VIZCAINO VIZCAINO put something in his mouth and start aggressively drinking water, which is consistent with attempting to swallow drugs.

12. After issuing several commands to roll down the window and unlock the car door, officers breached the driver's window of the Avalon and removed VIZCAINO VIZCAINO from the car. As officers were removing VIZCAINO VIZCAINO from the vehicle, he tried to put the car in drive and started revving the engine.

13. After VIZCAINO VIZCAINO was removed from the Avalon, the car was towed to the Dedham Police Department. A search of the Avalon at the police station resulted in the location of a sock concealed in the engine compartment of the vehicle. The sock contained numerous plastic baggies of two different sizes containing white powder, off-white powder, and a rock-like substance that I believe, based on my training and experience, are drugs. Some of the baggies were marked with blue, red, green, and black marker. Some of the baggies were tested using a TruNarc analyzer, and the baggies were weighed. Altogether, police seized approximately 61 grams of suspected fentanyl, 8 grams of suspected cocaine, and 16 grams of suspected cocaine base from the sock in the engine compartment of the Avalon. Police also seized $355 from VIZCAINO VIZCAINO.

14. VIZCAINO VIZCAINO was arrested. While he was in custody, VIZCAINO VIZCAINO passed fifteen small baggies consistent in appearance with those seized from the Avalon in his stool.

15. Based on my training and experience, possession of this quantity and variety of narcotics, packaged in different sized baggies with different colored markings, is consistent with possession for distribution rather than possession for personal use.

16.     Based upon the foregoing, there is probable cause to believe that on or about December 8, 2023, Yeiron VIZCAINO VIZCAINO did possess with intent to distribute fentanyl and cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

_____
Brian Connerney
Task Force Officer
Drug Enforcement Administration

Sworn to by telephone in accordance with Fed. R. Crim. Pr. 4.1 on September 9, 2024,

_____
HON. DONALD L. CABELL
United States Magistrate Judge
District of Massachusetts